IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                             :
DIONE RODMAN
                             :
     v.                      :   Civil Action No. DKC 18-3757
                             :
TRACEY D. JEAN-CHARLES, ESQ.,
et al.                       :
```

## MEMORANDUM OPINION

Presently pending and ready for resolution in this action arising from state court foreclosure proceedings is Plaintiff's motion for leave to amend. (ECF No. 51). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

## I.  Background

The background of this litigation is documented in a previous opinion. (ECF No. 39); *Rodman v. Jean-Charles*, No. CV DKC 18-3757, 2020 WL 1248946, at *1 (D.Md. Mar. 16, 2020). Plaintiff brought this action alleging thirteen counts against nine defendants on December 6, 2018. (ECF No. 1). Defendants, individually or as groups, filed motions to dismiss. (ECF Nos. 12, 16, 26, 31). On March 16, 2020, the court granted Defendants'

motions to dismiss without prejudice[1] and provided Plaintiff twenty-one days to file a motion for leave to amend her complaint to state a federal civil rights claim against Baltimore City Deputy Sheriff L. Neal ("Deputy Neal"). (ECF Nos. 39, 40). On April 8, 2020, Ms. Rodman filed an amended complaint. (ECF No. 41). Because her amended complaint was filed without an accompanying motion for leave to amend and did not solely state a federal civil rights claim against Deputy Neal, the court issued an Order instructing the Clerk to mark Plaintiff's amended complaint as filed in error on May 20, 2020. (ECF No. 45). The Order issued and was mailed to Plaintiff that same day but was returned to the court as "vacant, unable to forward." (ECF No. 47). Because this district requires all *pro se* parties to keep their current address on file throughout the pendency of their case, *see* Local Rule 102.1.b.iii (D.Md. 2014), the court dismissed all counts with prejudice on September 24, 2020. (ECF No. 48). On October 9, 2020, Ms. Rodman filed a motion for reconsideration. (ECF No. 49). The court granted the motion for reconsideration on October 20, 2020 and vacated its previous order dismissing all claims with prejudice. (ECF No. 50). On November 10, 2020, Ms. Rodman filed the presently pending motion for leave to file an amended complaint. (ECF No. 51). Once again, rather than stating a

---

[1] Count IX was dismissed with prejudice as to all Defendants other than Deputy Neal.

federal civil rights claim against Deputy Neal only, Plaintiff's proposed amended complaint restates eleven of her original thirteen claims, including multiple state law claims and claims against Defendants other than Deputy Neal. (*See generally* ECF No. 51-1).

## II.  Standard of Review

A party may amend a pleading as a matter of course within twenty-one days of serving it.  Fed.R.Civ.P. 15(a)(1).  Once the right to amend as a matter of course expires, as it has in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave."   Fed.R.Civ.P. 15(a)(2).  "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard . . . must be satisfied to justify the leave to amend." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  Nevertheless, denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."   *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.2d 369, 379 (4th Cir. 2012).  An amendment is futile if it could

not withstand a motion to dismiss.  *See Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995).

## III. Motion for Leave to Amend

Plaintiff's original complaint stated thirteen claims that are best divided into two categories.  The first category of claims stemmed from Defendants' alleged misconduct in bringing and pursuing the foreclosure action in the Circuit Court.  The second category of claims stemmed from the potentially tortious way certain Defendants allegedly carried out her eviction and caused damage to her personal property.

As this court explained in its previous memorandum opinion, any claims regarding the alleged improper foreclosure on and eviction from Plaintiff's home, are not appropriately brought in this court.  This is because "[e]xercising jurisdiction over these counts would require this court to 'determine that the [state] court judgment was erroneously entered or [to] take action that would render the [state court] judgment ineffectual.'"  (ECF No. 39, at 11).  This court is barred from making such determinations under the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("[*Rooker-Feldman* bars] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements.").  Accordingly, the court

4

dismissed all claims which depended on the validity of the foreclosure proceedings under the *Rooker-Feldman* doctrine.[2] (*See* ECF No. 40).

The court noted, however, that "Plaintiff's opposition to Deputy Sheriff Neal's motion to dismiss, [] appear[ed] to assert that her claim allege[d] a violation of her Fourth Amendment rights by Deputy Sheriff Neal." (ECF No. 39, at 11). The court made clear that it was "not at all obvious that the actions complained of potentially generate[d] a Fourth Amendment issue[,]" but that "[o]ut of an abundance of caution, in the unlikely event that Plaintiff [could] assert a valid federal civil rights claim against the deputy sheriff, the dismissal [would] be without prejudice to allow the filing of a motion for leave to amend within 21 days." (ECF No. 39, at 11, 17).

Unfortunately, Plaintiff's amended complaint makes no attempt whatsoever to state a Fourth Amendment claim nor does it elaborate

---

[2] Such counts included claims for conversion, fraud, mail fraud, wire fraud, embezzlement, violation of 5th Amendment due process, violation of 14th Amendment due process, illegal lock-out, and wrongful eviction. These counts were dismissed without prejudice not as an invitation to reassert them in an amended complaint, but rather because counts dismissed under the *Rooker-Feldman* doctrine are dismissed ultimately due to a lack of subject matter jurisdiction. A dismissal for a lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC*, 714 F.3d 175, 185 (4th Cir. 2013).

in any meaningful way on the relevant facts surrounding the potentially tortious manner in which the evictions were carried out. Instead, Plaintiff merely reasserts the claims previously stated in her original complaint, this time naming Deputy Neal as a Defendant in Counts VIII and IX, which allege deprivations of Plaintiff's Fifth and Fourteenth Amendment rights. The addition of Deputy Neal, however, does not change the fact that this court lacks jurisdiction over such claims under the *Rooker-Feldman* Doctrine.

Because Counts I, III, IV, V, VIII, IX, X, and XI of Plaintiff's amended complaint still derive from the underlying foreclosure proceedings, rather than the potentially tortious way in which the evictions were carried out, they are once again subject to dismissal under the *Rooker-Feldman* Doctrine. Thus, granting leave to allow such amendments would be futile. The remaining counts asserted in the amended complaint, Counts II, VI, and VII, are state law claims over which the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966), ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . if the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."). Accordingly,

Plaintiff's motion for leave to amend must be denied in its entirety.

**IV.  Conclusion**

For these reasons, Plaintiff's motion for leave to amend will be denied.  A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
